UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MECHELLE CAMPBELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ACTING ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ) <br> ) <br> Defendant. ) | Case No.: 5:18-cv-00877-LCB |

**MEMORANDUM OPINION AND ORDER**

On June 7, 2018, the Plaintiff Mechelle Campbell filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on November 1, 2018. (Doc. 11). The Plaintiff filed a brief in support of her position on January 16, 2019, (Doc. 15) and the Commissioner filed a brief in support of the decision on February 7, 2019. (Doc. 16). Therefore, this issue is ripe for review. For the reasons stated below, the final decision of the Commissioner is affirmed.

**I.   BACKGROUND**

1

The Plaintiff protectively filed for a period of disability and disability insurance benefits on January 20, 2015. (R. 22). She alleged that her disability began on April 25, 2010. *Id*. Her claim for benefits was denied on August 12, 2015, and the Plaintiff subsequently filed a request for a hearing before an Administrative Law Judge (ALJ) on June 23, 2015. *Id*. The Plaintiff appeared before ALJ Patrick Digby on April 5, 2017. *Id.* The Plaintiff testified at the hearing and was questioned by her attorney and the ALJ. (R. 41, 46). Additionally, vocational expert Dothel Edwards testified at the hearing. (R. 48). The ALJ issued his opinion on July 17, 2017. (R. 32). When he issued his opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 23). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015. (R. 24).

2. The Plaintiff has not engaged in substantial gainful activity since April 25, 2010, the alleged onset date of the disability. *Id.*

3. The Plaintiff has the following severe impairments: an anxiety disorder and a personality disorder. *Id.*

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 25).

5. The Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels and has no lifting restrictions. The Plaintiff can: perform simple tasks; concentrate for two-hour periods across an eight-hour workday, five-day work week with all customary breaks; have occasional contact with the public, coworkers, and

supervisors. The Plaintiff cannot: work on ladders, ropes, or scaffolds; work at unprotected heights; work around dangerous machinery. Any changes in the work environment should be infrequent and well explained. (R. 27).

6. The Plaintiff is unable to perform any past relevant work. (R. 31).

7. The Plaintiff was 43 years old at the alleged onset date, which is defined as a younger individual aged 18-49. *Id*.

8. The Plaintiff has limited education and can communicate in English. *Id*.

9. A determination of transferability of job skills is not material to the determination of disability as the Medical-Vocational Rules support a finding that the Plaintiff is not disabled. *Id.*

10. With the Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy she can perform. *Id.*

11. The Plaintiff has not been under a disability as defined in the Social Security Act, from April 25, 2010 through the date of the ALJ's decision on July 17, 2017. (R. 32).

After the ALJ denied her claim, the Plaintiff requested an appeal to the Appeals Council and was denied on April 9, 2018. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on June 7, 2018. (Doc. 1).

## II. DISCUSSION

The Social Security Administration (SSA) is authorized to pay Supplemental Security Insurance (SSI) and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (citing

*Barnhart v. Thomas*, 540 U.S. 20, 21 (2003)). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (citing 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five Step Sequential Evaluation

In order to determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating

a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled, and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id.*

4. Does the claimant have the residual functional capacity (RFC) to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above analysis. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden

ultimately falls to the claimant to show a disability exists. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

**C. The Plaintiff's Contentions**

The Plaintiff alleges that the ALJ erred by improperly assessing the Plaintiff's credibility regarding her pain and symptoms related to her severe impairments. Specifically, she argues that the ALJ failed to find her physical impairments non-severe and failed to find that her symptoms stemming from her personality disorder and anxiety were disabling. (Doc. 15, p. 6, 8). The Plaintiff also claims the ALJ did not fully develop the record. (Doc. 15, p. 12). The Court will address each of these contentions in turn.

**1. The ALJ did not err when he found that the Plaintiff's physical impairments were not severe.**

The Plaintiff argues that the ALJ did not properly consider her physical impairments as severe. (Doc. 15, p. 6). She notes that her physical impairments, including her muscular pain and osteoarthritis, should have been considered severe at step two of the ALJ's analysis because of her continued pain. *Id.* The Plaintiff presented evidence of the symptoms caused by her alleged impairments with records from The Orthopaedic Center and Tennessee Valley Pain Consultants. *See e.g.* (R. 360, 378). She also explained her physical limitations in her Adult Function Report (AFR) and her friend Sarah Collins provided more information about the Plaintiff's needs in her third-party AFR. (R. 231). However, the ALJ determined that her

6

physical impairments were not severe as they did not last long enough to satisfy the necessary durational requirement. (R. 25).

The claimant has the burden of proving her physical impairments are disabling at step two of the ALJ's analysis. *Washington*, 906 F.3d at 1359. "Only slight, trivial impairments that 'would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience' are not severe at [step two]." *Delia v. Comm'r of Soc. Sec.*, 433 F. App'x. 885, 887 (11th Cir. 2011) (quoting *McDaniel* v. *Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). A claimant's alleged impairment "can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). In addition to the above requirements, the claimant must demonstrate that the alleged severe impairment has lasted 12 months or more. *Washington*, 906 F.3d at 1359.

Here, the Plaintiff's evidence suggests that she experienced discomfort because of her alleged impairments, but her medical records do not support a finding that her physical pain lasted the required amount of time. In one report to Tennessee Valley Pain Consultants, the Plaintiff states that her pain started when a lid fell on her arm at work in 2005. (R. 379). However, her medical records do not support this claim. The Plaintiff first received treatment for her right shoulder pain at The

7

Orthopaedic Center on June 26, 2014. (R. 361). This record indicates that she was in pain, but she claimed that her symptoms started in June 2014. (R. 360). Before this report, no other medical record supports that the Plaintiff's physical impairments started before June 2014. The Plaintiff's final medical record solely regarding her physical impairments was on April 13, 2015, from Tennessee Valley Pain Consultants. (R. 400). These records provide that the length of time the Plaintiff experienced a severe impairment is less than the required 12-month period. Further, the Plaintiff reported no muscular or joint pain during her psychiatric admission at Gadsden Regional Medical Center on May 6, 2015 – a month after her visit to Tennessee Valley Pain Consultants. (R. 415). Based on evidence in the entire record, the Plaintiff did not meet her burden of proving that her physical limitations were severe impairments for the required length of time. Accordingly, substantial evidence supports the ALJ's determination that her physical impairments did not satisfy the necessary durational period.

## 2. The ALJ did not err when finding the that the Plaintiff's anxiety and personality disorder were not disabling.

Next, the Plaintiff argues that the ALJ erred by finding that the Plaintiff's symptoms about her anxiety and personality disorder were not credible. (Doc. 15, p. 8). She claims that her credibility is bolstered because her records indicate the Plaintiff's mental impairments caused her to experience problems such as "delusions, hallucinations, [and] disorganized speech." (Doc. 15, p. 10). The ALJ

found the Plaintiff's testimony concerning the "intensity, persistence and limiting effects" of her severe impairments was not consistent with the medical evidence and other evidence in the record. (R. 27). The ALJ supported his decision by finding the Plaintiff did not follow prescribed medical treatment, failed to appear at a state agency psychological examination, her inconsistent work history, and her improved condition after receiving psychiatric treatment. (R. 28-30).

An ALJ will not "find an individual disabled based on alleged symptoms alone." SSR 16-3P, 2016 WL 1119029 at *4. When determining the intensity, persistence, and limiting effect of one's pain, an ALJ can consider the claimant's statements about her pain, information from a third party or medical source, and other relevant evidence in the record. *Id*. The ALJ can also consider factors such as the claimant's daily activities and effectiveness of medication when determining the intensity of the claimant's symptoms. *Id*. at *7. A claimant alleging a disability based on pain or other symptoms, "must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

### a. The Plaintiff's failure to follow prescribed medical treatment.

If a claimant fails to "follow prescribed medical treatment without a good reason," the Court will typically find that the party is not disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (quoting *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)). However, "poverty excuses noncompliance." *Id*. If "an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Id*. "Where the ALJ [does] not rely significantly on the claimant's noncompliance, however, the ALJ's failure to consider evidence regarding the claimant's ability to afford her prescribed treatment does not constitute reversible error." *Bellew v. Acting Comm'r of Soc. Sec.*, 605 F. App'x. 917, 921 (11th Cir. 2015).

The Plaintiff testified that she could not afford to take her medication because she was uninsured. (R. 48). She also argued that she failed to comply with her social worker's recommendation to return to therapy because of her inability to afford treatment. (Doc. 15, p. 8). The ALJ took the Plaintiff's claims into consideration but found that her noncompliance was inexcusable because there was no evidence she applied for subsidized health care or was denied access to healthcare based on her finances. (R. 30). Despite these findings, the ALJ noted that he "does not substantially or solely base the findings of non-disability on noncompliance." *Id*. As

the ALJ stated what weight he gave to the Plaintiff's noncompliance and listed other reasons for finding her testimony not credible, the Court does not have a basis for overruling the ALJ on this factor pursuant to *Bellew*.

**b. The Plaintiff's credibility about her mental health problems.**

Further, the ALJ's reasoning that the Plaintiff is not disabled is supported by substantial evidence. The ALJ found that the Plaintiff's allegations about her symptoms were not entirely credible because she failed to provide an explanation for not appearing at a state agency examination, because of her work history, and because of her improvement after receiving treatment. The ALJ determined that the Plaintiff did not provide an adequate reason for missing her state sponsored psychological examination, thus he found she did not fulfill her "responsibility to show how the impairment affects her functioning during the time alleged as disabled." (R. 29, 30). There was no evidence in the record where the Plaintiff justified missing the scheduled examination.

The ALJ also considered the Plaintiff's work history when evaluating the intensity and persistence of her pain. He was not convinced that the Plaintiff stopped working because of her medical impairments as he determined her work history was sporadic before her alleged onset date of disability. (R. 30). The ALJ also found that the record indicated the Plaintiff did not work at all for several years. *Id*. The Plaintiff's earning records and work history report provide that she worked

consistently at Ober Gatlinburg from 2008 to 2011. (R. 191, 240). She did not provide information about any other former jobs that she had within 15 years of being unable to work. (R. 240). According to her earning record, the Plaintiff did not work in 2007, but did work from 2001 to 2006. (R. 191-194). The record does not support the ALJ's determination that the Plaintiff went several years without working. However, because this one finding does not "contradict the ALJ's ultimate findings," this is harmless error. *Caldwell v. Barnhart*, 261 F. App'x. 188, 190 (11th Cir. 2008).

Finally, the ALJ determined that after receiving psychological treatment the Plaintiff's condition improved. (R. 29). The record reflects that the Plaintiff received treatment intermittently from May 2015 until June 2016. *See e.g*. (R. 404, 486). The record also provides that after treatment, the Plaintiff's symptoms like paranoia, suicidal ideation, and depression improved. *See e.g*. (R. 417, 442, 485). Accordingly, with the above facts considered, the ALJ's determination is supported substantial evidence.

Towards the end of the Plaintiff's argument, she alleges the ALJ erred by not fully developing the record. (Doc. 15, p. 12). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). In this case, the Plaintiff claims the ALJ failed to develop the record, but she

did not provide the Court with a complete argument or evidence of this contention. Therefore, the Court finds that this issue is waived.

### III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this November 7, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE